**SHERLEIGH ASSOCIATES LLC and Sherleigh Associates Inc. Profit Sharing Plan, on behalf of itself and all others similarly situated, Plaintiffs,**

v.

**WINDMERE–DURABLE HOLDINGS, INC., David M. Friedson, Harry D. Schulman and Nationsbanc Montgomery Securities LLC, Defendants.**

No. 98–2273–CIV.

United States District Court, S.D. Florida, Miami Division.

June 3, 1999.

Jeffrey A. Klafter, Bernstein Litowitz et al., Mark C. Gardy, Abbey Gardy et al., New York City, Michael J. Pucillo, Burt & Pucillo LLP, W. Palm Beach, FL, Jules Brody, Stull Stull et al., Curtis V. Trinko, Law Office of Curtis V. Trinko, Steven G. Schulman, Samuel H. Rudman, Milberg Weiss et al., Stanley

M. Grossman, Pomerantz Haudek et al., Vincent Capucci, Entwistle & Capucci, New York City, Kenneth Vinale, Millberg Weiss et al., Boca Raton, FL, Steven Toll, Cohen Milstein et al., Seattle, WA, Robert Gilbert, Coral Gables, FL, Jeffrey C. Block, Berman DeValerio et al., Boston, MA, Michael Criden, Hanzman Criden et al., Miami, FL, Peter Rachman, Goodknd Labaton et al., Ft. Lauderdale, FL, for plaintiffs.

Alan Mansfield, Greenberg Traurig, New York City, Richard G. Garrett, Greenberg Traurig, Miami, FL, for defendants Windmere–Durable Holdings, Inc., David M. Friedson, Harry D. Schulman.

Gregory A. Markel, Brobeck, Phleger & Harrison, New York City, Parker Thomson, Thomson Muraro et al., Miami, FL, for defendant NationsBanc Montgomery Securities LLC.

## ORDER SELECTING CLASS COUNSEL; LIFTING STAY OF PROCEEDINGS; AND DIRECTING PLAINTIFFS TO FILE ANY AMENDED COMPLAINT WITHIN TWENTY DAYS OF THE DATE OF THIS ORDER

LENARD, District Judge.

**THIS CAUSE** is before the Court on the Motion for Designation of Class Counsel, filed November 30, 1998, and denied by this Court on March 9, 1999. (*See* Omnibus Order, filed March 9, 1999, *Sherleigh Assoc., L.L.C. v. Windmere-Durable Holdings, Inc.,* 184 F.R.D. 688 (S.D.Fla.1999) (hereinafter "Omnibus Order").) The Court determined Sherleigh Associates LLC and Sherleigh Associates Inc. Profit Sharing Plan ("Sherleigh") to be the presumptive Lead Plaintiff in this matter pursuant to the Private Securities Litigation Reform Act of 1995, Pub.L. No. 104–67, 109 Stat. 737 (1995) (codified as amended in scattered sections of 15 U.S.C.) ("Reform Act").

However, finding the proposed class counsel representation arrangement by a consortium of ten law firms not in the best interest of the class members, the Court rejected this consortium arrangement and instead directed all interested law firms to submit sealed, *ex parte* bids for representation in this case. Having received bids in this matter and reviewed the record in this case, the Court finds as follows.

## I. Background

Having adjudged the proposed representation arrangement of a consortium of ten law firms not in the best interests of the class, pursuant to sections 77z–1(a)(3)(B)(iii)(I) and 77z–1(a)(3)(B)(v) of the Reform Act, and Federal Rule of Civil Procedure 23(d), the Court determined a sealed-bid auction best balances the interests of the class in high quality representation at a fair price with the Reform Act's provision that the presumptive lead plaintiff select class-counsel, subject to court approval, *see* 15 U.S.C. § 77z–1(a)(3)(B)(v). (*See* Omnibus Order, 184 F.R.D. at 692–94.)

Once the sealed bid-auction was announced, two law firms, Hanzman Criden Chaykin Ponce & Heise, P.A. ("Hanzman Criden"), and Pomerantz Haudek Block Grossman & Gross LLP ("Pomerantz") filed a motion for reconsideration, arguing they should be allowed to represent the class alone, or alternatively allowed a "right of first refusal" to meet the "best bid." [1] (*See* Motion for Reconsideration, filed March 16, 1999.) These firms argued both that U.S. District Judge William H. Walls had employed an auction process in *In re Cendant Corp. Litig.,* 182 F.R.D. 144 (D.N.J.1998) and had allowed original lead plaintiff's counsel in that case to match the lowest bid, and also that as the affirmative choice of Sherleigh, they should be allowed to circumvent the bid process and be appointed class counsel directly.

The Court, however, rejected this motion on two grounds. First, due to the history of representation here, the Court determined it remained unclear whether these two firms were indeed the affirmative choice of Sherleigh, and even if these firms were Sher-

---

**1.** Notably, Pomerantz and Hanzman Criden did not take issue with the Court's March 9, 1999 finding that the proposed ten-firm consortium arrangement was not in the best interest of the class. (*See* Motion for Reconsideration, filed March 16, 1999, at 2 & n. 1.)

leigh's affirmative choice of counsel, the Court found these firms had subsumed Sherleigh's interest in serving as Lead Plaintiff into the firms' own interest in representing whichever Lead Plaintiff was eventually selected by the Court, as evidenced by the proposed consortium representation arrangement. Second, unlike the *Cendant* court, the Court here constructed an auction with both qualitative and price considerations. Therefore, the Court determined a "right of first refusal" would unnecessarily abrogate the Court's duty to ensure the class receive quality representation at a fair price.

The Court's decision to disallow Sherleigh's "affirmative" choice of counsel merits reiteration. When Sherleigh first filed suit in this Court, on October 8, 1998, it was represented by two law firms, Burt & Pucillo LLP and Pomerantz. (*See* Case No. 98–2357–CIV–LENARD, Compl. at 24.) The Complaint was signed by Michael J. Pucillo, Esq, of Burt & Pucillo LLP. Prior to consolidation, both Pomerantz and Burt & Pucillo appeared on behalf of other putative lead plaintiffs in separately filed class action complaints. Then, when the consortium of ten law firms filed the Motion for Approval of Selection of Counsel, on November 30, 1998, these two firms sought to represent each of the putative class members, along with eight other firms. (*See,* Mem.Supp.Mot. for Consolidation, Appointment of Lead Plaintiffs, and Approval of Selection of Counsel, at 14–16, filed Nov. 30, 1998.) Hanzmen Criden had not appeared on behalf of Sherleigh prior to the March 17, 1999 Motion for Reconsideration but had appeared on behalf of other putative lead plaintiffs.

Therefore, the Court determined Pomerantz had subsumed Sherleigh's interest in representing the class into its own interest in representing whichever plaintiff was eventually designated lead plaintiff in an effort to maximize its chances at being designated class counsel. The Court specifically found this behavior contrary to the Reform Act's dual intent of eliminating the "race to the courthouse" by law firms, and redirecting

control of securities litigation from plaintiffs' firms to plaintiffs themselves.[2] (*See* Omnibus Order, 184 F.R.D. at 693–94 (discussing legislative history and citing secondary sources).)

## II. Selection of Class Counsel

Numerous bids were received proposing representation in this matter. The Court will provide analysis of these bids in a concurrent Order, to be filed under seal and to remain sealed during the pendency of this action. Based on significant qualitative disparity between its bid and the next best bid, as well as price considerations, the law firm of Milberg Weiss Bershad Hynes & Lerach LLP shall serve as Plaintiff's Class Counsel in this matter, *subject to certain conditions as set forth in the Court's concurrent, sealed Order.* A copy of this Order will be provided to Milberg Weiss, and its contents shall remain confidential during the pendency of this litigation.

Furthermore, because the bids received in this matter contained proprietary information, the bids shall be *hereafter permanently sealed* by the clerk of court. The Court shall retain jurisdiction to enforce this Order.

The Court must emphasize that the overall quality of the bids was very high, and the selection process was highly competitive. The Court's selection in no way reflects on the representation thus far by any law firm that has made an appearance in this matter.

## III. Conclusion

The Court has provided some background to explain its decision to employ a sealed-bid auction to select class counsel, and has reviewed the sealed bids received in this matter. Based on qualitative as well as price considerations, the Court has selected the best bid, filed by Milberg Weiss.

The Court emphasizes that nothing in this or previous orders prevents any individual Plaintiff in this matter from selecting counsel of his or her choice. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

---

**2.** Apparently, this problem is widespread and ongoing. *See* Karen Donovan, *Huh? I'm the*

*Lead Plaintiff?*, Nat.L.J., May 24, 1999, at A1.

1.  David J. Bershad as lead attorney, and the New York office of Milberg Weiss Bershad Hynes & Lerach LLP are appointed Class Counsel in this matter, *subject to the conditions set forth* in the Court's concurrent Order, filed under seal. The only Plaintiffs' counsel hereafter designated in this lawsuit, and entitled to service of process, are those appointed by this Order. Any additional counsel representing individual plaintiffs must refile a notice of appearance.

2.  The Court's previous suspension of the scheduling requirements set forth in the Local Rules is hereby lifted. The suspension of the *pro hac vice* requirement of the Local Rules is similarly lifted. The parties shall file a joint scheduling report within twenty days of the date of this Order.

The Court will entertain a motion for status conference, should any be filed or otherwise deemed necessary at this juncture.

3.  The stay of the Defendants' motion to dismiss is lifted. Plaintiffs shall have twenty days from the date of this Order to file any amended complaint. If no amended complaint is filed, Plaintiffs shall respond to Defendants' motion to dismiss within thirty days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of June, 1999.